Matter of Young v New York State Off. of Alcoholism & Substance Abuse (2019 NY Slip Op 09329)





Matter of Young v New York State Off. of Alcoholism & Substance Abuse


2019 NY Slip Op 09329


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527018

[*1]In the Matter of Peter Young et al., Appellants,
v
New York State Office of Alcoholism and Substance Abuse et al., Respondents.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


O'Connell & Aronowitz, Albany (Cornelius D. Murray of counsel), for appellants.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.



Lynch, J.
Appeal from a judgment of the Supreme Court (Hartman, J.), entered October 2, 2017 in Albany County, which partially dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Office of Alcoholism and Substance Abuse Services withholding monies due or recouping monies from petitioner 820 River Street, Inc.
Petitioner Peter Young, a Roman Catholic priest, is the founder of three separate entities, petitioners 820 River Street, Inc., The Altamont Program, Inc. and Vesta Community Housing Development Board, Inc., all operating under the umbrella name of Peter Young Housing Industries and Treatment (hereinafter PYHIT). These entities provide job training, housing and treatment for people struggling with alcohol and/or substance abuse. Respondent Office of Alcoholism and Substance Abuse Services (hereinafter OASAS) provided funding to compensate petitioners for services performed under separate contracts between petitioners and Rensselaer, Warren and Washington Counties for services rendered to residents of those counties. To obtain such funding, petitioners were prequalified under the Grants Gateway Program (hereinafter the Gateway Program), which is required for not-for-profit corporations to win competitive grants or contracts with state agencies. In 2013, petitioners obtained $650,000 in capital construction funds from OASAS for the purpose of rehabilitating petitioners' property located in the Town of Altamont, Albany County, but that project was not completed. Between 2012 and 2015, five of the entities' employees, including a chief financial officer and two chief operations officers, were convicted of various financial crimes, including grand larceny, for misappropriating substantial funds from their programs. By letter dated January 18, 2017, OASAS' counsel, respondent Robert Kent, informed PYHIT that OASAS was terminating all contracts and funding for 820 River Street, Inc. effective April 30, 2017. The letter further advised that OASAS would begin to recoup funds to pay off the capital loan by offsetting payments due under PYHIT's service contracts with the counties. Respondents proceeded to withhold funds for the period August 1, 2016 through December 31, 2016 in the amount of $277,692, utilizing $147,800 to reimburse the counties for advance payments made to PYHIT and crediting the balance against the loan.
Petitioners commenced this CPLR article 78 proceeding alleging that OASAS arbitrarily and capriciously suspended them from the Gateway Program and illegally withheld contract funds to offset the loan. Following joinder of issue, Supreme Court determined that respondents failed to follow their own procedures under the Gateway Program before revoking PYHIT's prequalification status and partially granted the petition by directing respondents to issue a determination as to petitioners' prequalification status. The court otherwise upheld the withholding of funds, finding that petitioners failed to raise a question of fact as to the amount due. Petitioners appeal.
In February 2018, respondents formally suspended PYHIT's prequalification status. Following a prequalification appeal, however, PYHIT's prequalification status was restored on October 19, 2018. That administrative ruling further directed OASAS to negotiate repayment of the capital loan with PYHIT, and, absent agreement, to refer the matter to the Attorney General for collection.
With these developments, petitioners acknowledged at oral argument that the capital funding was a loan, not a grant. Petitioners further clarified that they were no longer challenging the offsetting of contract funds against the loan. What petitioners claim remains at issue is respondents' failure to credit petitioners for services provided under the contracts for the period January 1, 2017 through April 30, 2017. We agree with petitioners that this issue is preserved for our review by virtue of their challenge to the recoupment in the first instance and that a question of fact has been raised as to whether petitioners are entitled to the claimed credit. By their own account, respondents withheld funds up to December 31, 2016, leaving open the prospect of a gap in payment from January 1, 2017 to April 30, 2017, the effective date that OASAS terminated petitioners' contracts. Upon confirmation that services were provided during this period, petitioners would be entitled to a credit for monies recouped by OASAS and a corresponding reduction on the capital debt. The matter should be remitted to OASAS for further proceedings to resolve this issue.
Egan Jr., J.P., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking a credit for monies recouped by respondent Office of Alcoholism and Substance Abuse as more specifically set forth herein; matter remitted to said respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.